UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IAN WRIGHT, | : |
|     Plaintiff, | : |
| | : |
| v. | :    NO. 3:16-cv-1179 (SRU) |
| | : |
| DANNEL P. MALLOY, et al, | : |
|     Defendants. | : |

RULING AND ORDER

Ian Wright has filed motions for class certification and appointment of class counsel.  He also seeks a temporary restraining order or preliminary injunction.  For the reasons that follow, Wright's motions are denied.

I.    Motion for Class Certification

Wright commenced this action by complaint signed by him and thirty-eight other inmates.  Only Wright submitted a motion to proceed *in forma pauperis*.  When no other inmate submitted a motion to proceed *in forma pauperis* after being notified of their obligation to do so, the thirty-eight inmates were dismissed as plaintiffs.  *See* Doc. #52.

Wright moves for class certification.  Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure.  Specifically, Rule 23(a) identifies four prerequisites which must be met before a class action can be certified.

> One or more members of a class may sue or be sued as representatives parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

The party seeking to certify a class bears the burden of demonstrating that the requirements of Rule 23 have been met. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974). In addition, the Second Circuit has held that class certification is properly denied where the prospective relief requested would benefit all members of the proposed class to the extent that class certification would provide no additional benefit. *See Davis v. Smith*, 607 F.2d 535, 540 (2d Cir. 1978). For example, class certification would not be necessary in an action seeking declaratory and injunctive relief against state officials on the ground that a statute or administrative practice is unconstitutional. Correction of the practice would benefit all inmates, not just the plaintiff. *See Galvan v. Levine*, 490 F.2d 1255, 1261 (2d Cir. 1973), *cert. denied*, 417 U.S. 936 (1974).

As a *pro se* litigant, Wright can only represent himself. He cannot adequately represent a class of prisoners. *See Nieblas-Love v. New York City Housing Auth.*, ___ F. Supp. 3d ____, 2016 WL 796845, at * 13 (S.D.N.Y. Feb. 26, 2016) (denying motion for class certification because *pro se* litigant cannot adequately represent class). Accordingly, the request for class certification is denied. I also note that Wright seeks declaratory and injunctive relief challenging a practice within the Department of Correction. Should he prevail in this action, any relief afforded him would also be applied to other inmates in the same situation. Thus, class certification is not warranted.

II.     Motion for Appointment of Class Counsel

Wright seeks appointment of class counsel in this action pursuant to Federal Rule of Civil Procedure 23(g) and 28 U.S.C. § 1915(e).

Rule 23(g)(1) provides: "Unless a statute provides otherwise, a court that certifies a class must appoint class counsel." The criteria to be considered by the court show that the rule

contemplates appointment of class counsel from among the lawyers representing the members of the class after the class is certified.  Because the rule makes no provision for appointment of counsel before a class is certified, Rule 23(g)(1) provides no authority for appointment of counsel in this circumstance.  *See Ayazi v. New York City Bd. of Educ.*, 2010 WL 4789403, at *2 (E.D.N.Y. Nov. 17, 2010).

Section 1915(e)(1) is intended to guarantee that indigent litigants can meaningfully access the courts.  "[T]he purpose of 28 U.S.C. § 1915(e) (1) . . . does not require appointing counsel solely to permit plaintiff's case to proceed in the form of a class action."  *See Ayazi*, 2010 WL 4789403, at *2.  Because Wright filed this motion to obtain appointment of class counsel, the motion for appointment of counsel is denied.

IV.     Motion for Temporary Restraining Order and Preliminary Injunction

Wright's motion for temporary restraining order or preliminary injunction is written in general terms with no references to him or any actions taken against him.  In his supporting affidavit, Wright describes actions taken against him at Garner Correctional Institution.

"A prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility."  *Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002); *see also Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (affirming dismissal in federal habeas petition of inmate's claim regarding conditions of confinement because inmate had been transferred to different facility).

Wright challenges requirements that he participate in programs and provide a DNA sample.  Wright no longer is confined at Garner Correctional Institution.  He has not been confined at that facility since before he filed the complaint.  Wright alleges no facts indicating

3

that the same conduct is occurring at his current facility. Although he recently filed an affidavit in support of this motion, he references no conduct occurring at any other correctional facility.

Accordingly, Wright's motion for temporary restraining order or preliminary injunction is denied without prejudice. Wright may refile him motion if he encounters similar difficulties in his current place of confinement.

V.      Conclusion

Wright's motions for class certification [**Doc. #4**] and appointment of counsel [**Doc. #3**] are **DENIED**. His motion for temporary restraining order or preliminary injunction [**Doc. #5**] is **DENIED** without prejudice.

This case will proceed on Wright's claims only. To facilitate the Court's review of his claims, Wright is directed to file an amended complaint listing only himself as plaintiff and alleging facts relating to his claims and the defendants' involvement in his claims.

**SO ORDERED.**

Dated this 23rd day of September 2016, at Bridgeport, Connecticut.

       /s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge