**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IAN WRIGHT,<br>Plaintiff, | : | |
| v. | : | No. 3:16-cv-1179 (SRU) |
| DANNEL P. MALLOY, et al.,<br>Defendants. | : | |

**Ruling on Motion for Reconsideration**

Ian Wright filed an amended complaint in accordance with my Order on September 23, 2016. On November 9, 2016, Wright filed a second amended complaint ("SAC"). The SAC appears to be identical to the first amended complaint, with the exception of some additional language that was added to the jurisdictional statement. On December 6, 2016, I issued an Initial Review Order (doc. # 62) dismissing all of Wright's claims. On December 13, 2016, Wright filed a motion for reconsideration (doc. # 65), followed by a notice of appeal (doc. # 67). Wright has since filed additional post-judgment requests for relief (docs. # 69-73). In ruling on the motion for reconsideration and related motions, I assume the parties' familiarity with the facts.

## I. Standard of Review

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for

granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

The primary function of a motion for reconsideration "is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence." *LoSacco v. City of Middletown*, 822 F. Supp. 870, 876 (D. Conn. 1993), *aff'd*, 33 F.3d 50 (2d Cir. 1994). A court is permitted to reconsider its ruling if such ruling overlooked controlling data or law that, had it been considered, would have altered the court's conclusion. *Shrader*, 70 F.3d at 257.

## II. Discussion

Wright's motion for reconsideration appears to challenge various aspects of my ruling. First, Wright challenges my conclusion regarding whether he can bring a section 1983 claim for the denial of Risk Reduction Earned Credit ("RREC") and parole eligibility. Wright does not point to any controlling law that compels a contrary conclusion. Moreover, Wright does not point to any specific portion of my decision that constitutes a clear error. Instead, Wright contends that he may bring a section 1983 claim for damages resulting from illegal administrative procedures, unconstitutional parole procedures, and the parole board's determination of parole eligibility. *See* Mot. Reconsid. at 4 (citing *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985)) (doc. # 65). There is no claim in Wright's SAC that relates to the procedures used to determine Wright's parole eligibility.

Rather, Wright admits that he is ineligible for RREC and parole because he was convicted of a class A felony on or after July 1, 1981. SAC at 4 (doc. # 57). Wright challenges the constitutionality of the statute, not the procedures used to determine his parole eligibility. I have held that Wright's due process challenge fails because the state has not done anything to give him a protected interest in RREC or parole eligibility. *See Tellier v. Fields*, 280 F.3d 69, 81 (2d Cir. 2000).

Wright also contends that I erred with respect to his Universal Declaration of Human Rights claims. Wright does not point to any law that establishes a cause of action based on a violation of that international treaty. Accordingly, such claims fail. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004) (explaining that the Universal Declaration of Human Rights is an international agreement that does not give rise to legal obligations because it is merely a "statement of principles").

Wright's other claims do not seem to be relevant to this case, nor do they cause me to reconsider my prior ruling. Wright contends that detention beyond the termination of a sentence constitutes cruel and unusual punishment, and that the Ex Post Facto Clause prohibits retroactive application of sentencing guidelines if such guideline disadvantages the defendant. Neither of those claims is at issue in this case. Wright also contends that the court erred in the manner in which it directed service of process on the defendants. The court is not required to serve the defendants until it has conducted an initial review of the complaint. I conducted the initial review and ordered the case to be dismissed, so it was proper not to direct the U.S. Marshals to serve the defendants. *See* 28 U.S.C. § 1915A. Finally, Wright contends that he should have been permitted to amend his SAC to cure its deficiencies. I decline to reconsider my decision to dismiss Wright's SAC with prejudice and note that I have the discretion to dismiss with

prejudice a complaint by means of an initial review order. *See Vann v. Comm'r of N.Y. City Dep't of Correction*, 496 F. App'x 113, 116 (2d Cir. 2012). Dismissal with prejudice is proper because Wright has been given multiple opportunities to amend his complaint and any further attempts would be futile.

## III. Conclusion

For the foregoing reasons, Wright's motion for reconsideration (doc. # 65) is denied. Wright's related motions (docs. # 69, 71, 72) are denied for substantially the same reasons. Wright's motion for a copy of the docket sheet (doc. # 70) is granted, and Wright's request for a status conference (doc. # 73) is denied as moot.

**SO ORDERED.**

Dated this 17th day of January 2017, at Bridgeport, Connecticut.

/s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge